STATE OF CONNECTICUT *vs.* HARRY HOJA.

Third Judicial District, Bridgeport, May Term, 1895. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Chapter 187 of the Public Acts of 1889 provides that no person shall act as agent to procure and deliver spirituous and intoxicating liquors to any person or firm not legally authorized to sell the same, without a written order from such person or firm specifying the kinds and quantity of each kind of liquor ordered, and the name of the person or firm to whom it is to be delivered, etc. *Held* that the "agent" intended by the Act was an agent of the person for whom and to whom the liquor was to be procured and delivered; and that the Act did not prohibit the agent of a licensed dealer from soliciting and procuring orders for such dealer, in a license town, which was expressly authorized by § 3087 of the General Statutes, in connection with which the Act of 1889 must be construed.

[Argued May 1st—decided May 28th, 1895.]

PROSECUTION for a violation of the statute respecting the sale of spirituous and intoxicating liquors; brought before a justice of the peace in the town of Westport, and thence by the defendant's appeal to the criminal term of the Court of Common Pleas for Fairfield County, where the accused was tried and convicted by the jury, before *Carroll, J.,* and appealed for alleged errors of the court in its charge to the jury. *Error.*

*J. C. Chamberlain* and *Nathaniel W. Bishop,* for the appellant (the accused).

*William B. Glover,* Prosecuting Attorney, for the appellee (the State).

HAMERSLEY, J.   In 1882 an Act was passed revising the law regulating the sale of spirituous and intoxicating liquors, and repealing all statutes on that subject then in force.   Section 1 of part VI. of this Act, imposed a penalty on "any person who without a license therefor shall, by sample, by soliciting or procuring orders, or otherwise, sell or exchange, * * * or shall own or keep with intent to sell or exchange, any spirituous and intoxicating liquors."   Section 11, of part IV. of the same Act provided: "Nothing in this Act contained shall prohibit any dealer in spirituous and intoxicating liquors duly licensed under the provisions of this Act from soliciting and procuring orders in any town in this State in which such liquors may legally be sold."   These provisions were incorporated into §§ 3087 and 3078 of the General Statutes of 1888.

Under this law any dealer licensed to sell in his own town, can sell his goods in any other license town "by soliciting and procuring orders;" and it is immaterial whether such sale is made by himself personally, or through his duly authorized agent.

In 1889 the following Act was passed: "No person shall act as agent to procure and deliver spirituous and intoxicating liquors to any person or firm not legally authorized to sell the same, without a written order from such person or firm; which order shall in each case specify the kinds and quantity of each kind of liquor ordered, and the name of the person or firm to whom it is to be delivered.   Such agent shall cause the person from whom such liquors are procured to indorse on each order the date when such liquors are procured, and the kinds and quantities furnished.   Such agent shall keep said orders on file, and when called upon to do so by any prosecuting agent of the county, or by any grand juror of the town in which said liquors are delivered, shall produce any order or orders which may be called for by such officer; and any person who shall procure and deliver spirituous and intoxicating liquors to any person, not legally authorized to sell the same, without an order made and endorsed as above provided shall be deemed to have sold said liquors

to the person to whom and in the town in which it is delivered; and on due proof thereof shall be subject to the penalty provided in § 3087 of the General Statutes."

This is a penal statute, defining a crime, and its language cannot be stretched to include any crime not clearly defined. The Act contains no repealing clause, and cannot repeal existing legislation on the same subject, unless by a reasonable construction it is inconsistent with that legislation.

The Act says "any person" who shall procure and deliver liquors under the circumstances described, shall be deemed to have sold the liquor to the person to whom, and in the town in which, it is delivered, and shall be punished as for a sale without license. It would hardly be claimed that this language makes it a crime in every licensed dealer to so procure and deliver to his customers at his own place of business, the liquors he is licensed to sell. The Act says that no person shall "act as agent to procure and deliver" liquors to any person under the circumstances described; this language cannot be held to repeal the existing law authorizing any licensed dealer to sell through his agent by "soliciting and procuring orders," unless it reasonably expresses such intention. If the agent to procure and deliver liquors, mentioned in the Act of 1889, is the agent of the person for whom and to whom the liquors are procured and delivered, the Act is not inconsistent with the Act authorizing a licensed dealer to sell by soliciting and procuring orders; and we think this construction is not only a reasonable one, but the only reasonable construction.

The language of the Act plainly indicates an agent of the person for whom and to whom the goods are to be procured and delivered. When we speak of one acting as agent to procure and deliver goods, under an order for that purpose given by the person for whom the goods are to be procured, the natural inference is that he is acting as agent for the person who gives the order; it is not a natural inference that in procuring the goods he is acting as agent of the person from whom he procures them.

The object of this Act evidently is to provide for evidence

that may be useful in detecting and prosecuting any person who, whether in a license town or not, owns and keeps liquors with intent to sell, without having a license therefor. The object is evidently not to limit the existing right of a licensed dealer to sell his goods in a license town ; if such were its object the Act would go further and say that no licensed person shall procure an order unless the same is written, etc. That it clearly does not do, and it would require precise and unmistakable language to express an intention to make a servant a criminal for an act of his master done through the servant, which is lawful when the master does the act by himself instead of by another.

In pursuance of the evident object of the Act, limitations are put on the power of all unlicensed persons to purchase liquor surreptitiously for illegal use, and every person who acts as their agent in procuring liquor is required to obtain and keep written evidence of the amount and kinds so procured, as well as of the time when, and of the persons from whom he procures them; and is punished if he acts as such agent without obtaining such evidence.

The language of the Act may be sufficiently clear to authorize the punishment of any person who acts as the agent of any unlicensed person, whether in a license town or not, in procuring for and delivering to such unlicensed person spirituous liquors, without an order made and indorsed as provided in the Act ; but it certainly is not sufficiently clear to authorize the punishment of the agent of a licensed dealer, simply for soliciting or procuring orders for such dealer in a license town.

In this case the defendant was complained against for selling liquors without a license, and on that complaint was tried by jury and convicted.   There was no serious conflict in the evidence, and it appeared that the defendant was the servant of one John Sullivan, a liquor dealer duly licensed in the town of Bridgeport, and drove his delivery wagon and delivered his orders; that while driving the wagon in the town of Westport (assumed by the case to be a license town) he was told orally by one McGovern, who was in the habit

of ordering beer of the defendant, to bring him a case of lager the next time he came through; that the next morning before starting from Bridgeport, he put into the wagon a particular case of beer for McGovern; that whenever he got an order he put it on his order book, and was in the habit each morning of loading on his wagon as many cases as he had orders for, and always had as many cases as he had orders; that he delivered this case of beer to McGovern at his residence in Westport, and McGovern then paid him one dollar for the beer.

The State claimed this transaction was a sale of liquor by the defendant without having a license therefor, in violation of § 3087; the defendant claimed it was a sale by Sullivan through his agent the defendant, and authorized by his license under the provisions of § 3078.

The reasons of appeal assigned, claim that the court below erred in refusing to comply with the defendant's request to charge, and in the charge as given. It is unnecessary to consider the requests or charge in detail, as the view taken of one passage in the charge, to which the defendant excepted, is decisive of the case. The court, after having stated the law to be that "it is illegal for any person to act as agent to procure and deliver spirituous and intoxicating liquors to any person or firm not legally authorized to sell the same, without a written order for the same," charged the jury as follows: "If you are satisfied beyond a reasonable doubt that he (the defendant) was acting as agent for Mr. Sullivan, he is equally guilty as if he was acting as agent for Mr. McGovern." For the reasons above given this instruction is clearly erroneous.

There is error in the judgment of the Criminal Court of Common Pleas.

In this opinion the other judges concurred.